Original,
No. 4939.

STATE *v.* THOMAS LEON BUGELY.

Submitted June 6, 1961.

Decided June 30, 1961.

*Earl F. Gage,* county attorney, for the State.

*Thomas Leon Bugely,* pro se.

Kenison, C. J.   An "Agreement on Detainers" was entered into by the State of New Hampshire by legislation (Laws 1959, c. 107) effective July 17, 1959 "with all other jurisdictions legally joining therein" (RSA 606-A:1 (supp) ) for the purpose of securing speedy trials of persons already incarcerated in other jurisdictions.   Article I of such Agreement provides as follows:

"The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.   The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures.   It is the further purpose of this agreement to provide such cooperative procedures."

Article III (a) provides that "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . . "

Other provisions of the chapter prescribe the procedure to be followed by a person so incarcerated and desiring a speedy trial and define the duties of the warden, commissioner of corrections or

other officials having custody of him as well as the duties of the officials in the "demanding state."

The state of New Jersey has adopted an "Agreement on Detainers" (N.J.S.A. 2A:159A supp.) effective April 18, 1958, in substantially the same form as that later adopted in this state (RSA ch. 606-A (supp) ), and hence has legally joined therein (s. 1). The respondent is therefore entitled to relief as provided by the Agreement on Detainers upon compliance with its requirements. See Mandatory Disposition of Detainers Act, 9 B Uniform Laws Annotated (1960 supp) p. 43; N. H. Judicial Council (7th Report 1958) pp. 28-32. Since the statute has not been complied with, the order on this petition is

*Petition dismissed.*

All concurred.